RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/2/15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CARL WAYNE STEWART,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:14-CV-02258 |
| VERSUS | |
| USA, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed by Carl Wayne Stewart, pursuant to 42 U.S.C. § 1983 and 31 U.S.C. § 3729 on July 7, 2014. The named defendants are the United States of America, the USDA/FmHA,[1] the State of Louisiana, and the City of Natchitoches.

Stewart contends that he is the heir of Dorothy Green Stewart, that Dorothy Green Stewart had a contract with the USDA/FmHA, and that, on March 20, 1991, the Natchitoches Parish Sheriff, as ordered by the 10th Judicial District Court in Natchitoches Parish, Louisiana, seized and sold Dorothy Green Stewart's property at 1521 Amulet St., Natchitoches, Louisiana on behalf of the State of Louisiana and the United States Department of Agriculture ("USDA") (Doc. 1). Stewart alleges that personal property was also taken and destroyed (Doc. 1). Stewart also appears to allege that criminal proceedings were unlawfully initiated and that the federal

---

[1] This appears to refer to the Farmers Home Administration ("FmHA"), a former agency of the United States Department of Agriculture ("USDA"), which provided financial aid for rural development.


government has been defrauded (Doc. 1).

## Law and Analysis

### Motion to Dismiss

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); Doe, 753 F.2d at 1102. For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). It is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

### United States of America & USDA/FmHA

The USA and the USDA/FmHA filed a motion to dismiss pursuant

to Fed.R.Civ.P. rule 12(b)(6) (Doc. 28).

1.

First, the USA and the USDA/FMHA contend that Stewart failed to state a claim against them under Section 1983.[2]

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, a plaintiff in a civil rights suit must show that the conduct complained of was committed by a person *acting under color of state law*. Lugar v. Edmondson Oil Co., Inc., 475 U.S. 922, 937, 102 S.Ct. 2744, 2753 (1982). In other words, the defendant must be a state actor. The United States of America and the USDA/FmHA are not "state actors."

On the other hand, the United States (and, through it, its agencies) may be sued under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. Under the FTCA, a plaintiff must name the United States as the sole defendant. McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998), citing Atorie Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991).

However, in the case at bar, Stewart did not mention the FTCA and instead stated that he was bringing his action pursuant to

---

[2] Stewart contends the U.S. Attorney has not entered as attorney of record and that the defendants have failed to file an answer (Doc. 33). The U.S. Attorney made an appearance when it filed the motion to dismiss, which may be made before an answer is filed, pursuant to Fed.R.Civ.P. rule 12(b).

Section 1983. However, the only state actor named is the Natchitoches Parish Sheriff. Since the USA (and, through it, the USDA/FmHA) may not be sued under Section 1983,[3] defendants' motion to dismiss (Doc. 28) should be granted and Stewart's Section 1983 action against the United States and the USDA/FmHA should be dismissed without prejudice.

Normally, since Stewart is proceeding pro se, he should be allowed to amend his suit to file an action against the USA pursuant to the Federal Tort Claims Act.[4] However, as discussed

---

[3] Stewart also may not sue the United States and the USDA/FmHA pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971). <u>Bivens</u> defendants are federal officials brought into federal court for violating the Federal Constitution. <u>Bivens</u>-type actions may be brought only against federal agents and not federal agencies. <u>Martinez v. City of Los Angeles</u>, 141 F.3d 1373, 1383 (9th Cir. 1998). Also, <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 486, 114 S.Ct. 996, 1006 (1994); <u>Whitley v. Hunt</u>, 158 F.3d 882 885 (5th Cir. 1998).

[4] Stewart is reminded that there is a requirement for exhaustion of administrative remedies under the FTCA. Under the FTCA, a plaintiff must give notice of his claim to the appropriate federal agency. Furnishing notice is a jurisdictional prerequisite to filing suit under the FTCA. A claimant give proper notice withing the meaning of Section 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim. No particular method of giving notice is required. The usual method, however, is by filing a Form 95 with the agency. A plaintiff waives his claim if he fails to 1) notify the agency in writing about his claim within two years after the claim accrues, or 2) file suit within six months after the agency denies his claim. 28 U.S.C. § 2401(b). <u>Cook v. United States</u>, 978 F.2d 164, 165-166 (5th Cir. 1992), and cases cited therein. *The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.* <u>McNeil v. U.S.</u>, 508 U.S. 106, 113, 113 S.Ct. 1980,

below, such a claim would be prescribed now.

Therefore, defendants' motion to dismiss Stewart's Section 1983 claims (Doc. 28) should be granted.

2.

Defendants also contend that Stewart's claims pursuant to the False Claims Act should be dismissed pursuant to Fed.R.Civ.P. rule 12(b)(6).

The purpose of the False Claims Act is to protect the funds and property of the federal government from fraudulent claims, regardless of the particular form or function of the government instrumentality upon which such claims were made. <u>Rainwater v. U.S.</u>, 356 U.S. 590, 592, 78 S.Ct. 946, 948 (1958). Under 31 U.S.C. § 3730(b), a private person "may bring a civil action for a violation of Section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government." The False Claims Act is confined to those persons who make or cause to be made a claim "knowing such claim to be false, fictitious, or fraudulent" or who knowingly "enters into any agreement, combination, or conspiracy to defraud the Government...by obtaining...the payment...of any false or fraudulent claim." <u>U.S. v. Priola</u>, 272 F.2d 589, 593 (5th Cir. 1959). To show a violation of the False Claims Act, the evidence

---

1984 (1993)("Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit").

must demonstrate "guilty knowledge of a purpose on the part of (the defendant) to cheat the Government." <u>Peterson v. Weinberger</u>, 508 F.2d 45, (5th Cir.), cert. den., 423 U.S. 830, 96 S.Ct. 50 (1975), and cases cited therein.

Since Stewart names the government as a defendant in this case, he is alleging the fraudulent or illegal action was made by the government against himself and/or Dorothy Green Stewart, rather than against the government. Therefore, Stewart has not alleged facts on which relief may be granted pursuant to the False Claims Act.

Defendants' motion to dismiss should be granted (Doc.28) and Stewart's action pursuant to the False Claims Act should be denied and dismissed.

<u>Prescription</u>

The United Stated and the USDA/FmHA also move to dismiss Stewart's action as untimely (Doc. 28).

Section 1983 and <u>Bivens</u> actions are governed by Louisiana's one year prescriptive period. La.C.C. art 3492; <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938 (1985); <u>McGregor v. LSU Bd. of Supervisors</u>, 3 F.3d 850, 864 (5th Cir. 1993), cert. den., 510 U.S. 1131, 114 S.Ct. 1103 (1994); <u>Gaspard v. U.S.</u>, 713 F.2d 1097, 1102 (5th Cir. 1983), cert. den., 466 U.S. 975, 104 S.Ct. 2354 (1984). This prescriptive period commences to run from the date injuries or damages are sustained, <u>Washington v. Breaux</u>, 782 F.2d 553, 554 (5th

Cir. 1986), or from the time the plaintiff knew or could reasonably have known he had a cause of action, under the doctrine of contra non valentum, McGregor, 3 F.3d at 865. Also, Corsey v. State Dept. of Corrections, 375 So.2d 1319, 1322 (La. 1979).

Stewart contends in his complaint that, on March 20, 1991, either the Louisiana 10th Judicial District issued an order for the seizure and sale of the property or the property was sold on that date. Either way, Stewart's complaint is filed well beyond the one year limitation period for Section 1983 and Bivens claims.

Under the FTCA, a plaintiff waives his claim if he fails to 1) notify the agency in writing about his claim within two years after the claim accrues, or 2) file suit within six months after the agency denies his claim. 28 U.S.C. § 2401(b). Cook v. United States, 978 F.2d 164, 165-166 (5th Cir. 1992), and cases cited therein. Again, even if Stewart has exhausted his administrative remedies for a federal tort claim against the United States, such a claim would be prescribed.

Finally, a civil action under section 3730 of the False Claims Act "may not be brought (1) more than 6 years after the date on which the violation of section 3729 is committed, or (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on

which the violation is committed, whichever occurs last." 31 U.S.C. § 3731(b). Since Stewart alleges the "fraud" took place in 1991, more than ten years before he filed the present suit, his claim under the False Claims Act is also prescribed.

Accordingly, the defendants' motion to dismiss (Doc. 28) should be granted and Stewart's action should be dismissed in its entirety as prescribed.

State of Louisiana

The State of Louisiana also filed a motion to dismiss (Doc. 43).

Neither a state nor its officers acting in their official capacities are "persons" under §1983. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 258, 362 (1991). Therefore, Stewart's Section 1983 action against the State of Louisiana should be dismissed.

Also, since Stewart has not alleged that the State of Louisiana has attempted to defraud the United States, Stewart has not stated a claim against the State of Louisiana under the False Claims Act.

Therefore, the motion to dismiss filed by the State of Louisiana (Doc. 43) should be granted and Stewart's action against the State of Louisiana should be dismissed for failure to state a claim on which relief may be granted.[5]

---

[5] The State of Louisiana contends, in the alternative, that Stewart's claims should be dismissed for failure to effect service within 120 days. However, the record shows that the

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that the motion to dismiss filed by the United States and the USDA/FmHA (Doc. 28) be GRANTED, that the motion to dismiss filed by the State of Louisiana (Doc. 43) be GRANTED, and that Stewart's action against all defendants be DENIED AND DISMISSED WITH PREJUDICE in its entirety as untimely.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

---

State of Louisiana was served (Docs. 7, 12). Although the State contends service was made improperly, that cannot be attributed to Stewart, since service was effected through the United States Marshal's Service. Where a pro se litigant, proceeding in forma pauperis, timely and correctly requests service by the Marshal and the defendant has actual notice of the suit, the interests of justice are best served by allowing the litigants to rely upon the service ultimately effected by the Marshal's Service, even if it is untimely or improper. <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1109 (5th Cir. 1987), citing <u>Romandette v. Weetabix Co., Inc.</u>, 807 F.2d 309 (2d Cir. 1986). See also, <u>Lindsey v. U.S.R.R. Retirement Bd.</u>, 101 F.3d 444 (5th Cir. 1996); <u>Byrd v. Stone</u>, 94 F.3d 217 (5th Cir. 1996).

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 2nd day of February 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE